STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTTION
DOCKET NO. RE-01-99
GAB - YOR - 6/17/2003

WILLIAM A. GREENIER d/b/a
GREENIER CONSTRUCTION,

Plaintiff

v.                                          **ORDER**

DAVID CONTE and
ELLEN CRONIN,

Defendants

Pending is the Defendants' Motion to Reconsider the judgment of May 16, 2003. Following review, but without hearing, the Motion is Denied.

The judgment of May 16 resolved claims and counterclaims arising out of a substantial home remodeling project. The net result was a judgment in favor of Mr. Greenier in the approximate sum of $19,400. The Defendants seek reconsideration on a variety of issues.

Although I found that Mr. Greenier violated Maine's Home Construction Contract Act in several particulars, I awarded only $1,000 in damages to the Defendants. Only one contract was involved in this case and $1,000 is the maximum statutory sanction for a violation of the act. Where one contract is at issue, but the violation involves several elements of the contract which significantly contributed to the dispute, it seemed appropriate to impose the maximum penalty for violation of a single contract.

Notwithstanding the *prima facie* violation of the U.T.P.A. in the absence of an affirmative loss, the Defendants may not recover under the act. *VanVoorhees v. Dodge,*

679 A.2d 1077 (Me. 1996). Here, the judgment establishes that they have received the benefit of approximately $19,400 of labor and materials beyond the offsets attributable to their counterclaims.

Both parties, at trial, indicated a willingness to exchange certain materials purchased for but not used on the project for credit. I noted this in the judgment, but left it to the parties to arrange this exchange. This exchange raised the possibility that claims might arise concerning the condition of the materials or the proper credit due which would involve further court action. The parties remain free to agree on such an exchange, but I do not think it is prudent to retain jurisdiction to resolve any disputes which might arise.

The Defendants failed to prove who was responsible for the defects in the kitchen floor. The flooring contractor, even if he was originally contacted by Mr. Greenier, was hired by the Defendants.

The clerk may incorporate this order in the docket by reference.

Dated:      June 17, 2003

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:  Timothy Coughlin, Esq.
COUGHLIN RAINBOTH MURPHY & LOWN
439 Middle St
Portsmouth  NH  03801

DEFENDANTS:  Alexander Nossiff, Esq
             17 Portland Ave
             Dover  NH  03820